**COPY**

**BY FAX**

| | | |
|---|---|---|
| **SUMMONS** *(CITACION JUDICIAL)* | | **SUM-100** FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* **CONFORMED COPY ORIGINAL FILED** Superior Court of California County of Los Angeles **SEP 30 2020** Sherri R. Carter, Executive Officer/Clerk of Court By: Kristina Vargas, Deputy |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART, INC., a Delaware Corporation formerly known as WAL-MART STORES, INC. and DOE ONE through and including DOE ONE-HUNDRED

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LERNA MAYS AND LARRY ROACH, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is: *(El nombre y dirección de la corte es):*
Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*
**20STCV37527**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Harris, Harris & Ruble, 655 North Central Avenue, 17th Flooor, Glendale, CA 91203

DATE: **SEP 3 0 2020** **SHERRI R. CARTER** Clerk, by **Kristina Vargas**, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Walmart, Inc., a Delaware Corporation formerly known as Wal-Mart Stores, Inc.

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.
| Print this form | Save this form | 

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 30 2020

Sherri R. Carter, Executive Officer/Clerk of Court

By: Kristina Vargas, Deputy

BY FAX

1 Alan Harris (SBN 146079)
  Priya Mohan (SBN 228984)
2 Min Ji Gal (SBN 311963)
  HARRIS & RUBLE
3 655 N. Central Ave., 17th Floor
  Glendale, CA 91203
4 Tel: 323.962.3777
  Fax: 323.962.3004
5 aharris@harrisandruble.com
  pmohan@harrisandruble.com
6 mgal@harrisandruble.com

7 Attorneys for Plaintiffs

8

9       SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF LOS ANGELES

11

| LERNA MAYS AND LARRY ROACH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation formerly known as WAL-MART STORES, INC. and DOE ONE through and including DOE ONE-HUNDRED,<br><br>Defendants. | Case No. **20STCV37527**<br><br>**COMPLAINT**<br>[*Class-Action and PAGA Complaint*]<br><br>1. Failure to Provide Adequate Pay Stubs, Cal. Lab. Code § 226(a)<br><br>2. Violation of the Private Attorneys General Act of 2004, California Labor Code §§ 2698 *et seq.* |
|---|---|

1
COMPLAINT

Plaintiffs Lerna Mays ("Mays") and Larry Roach ("Roach") (collectively "Plaintiffs") on behalf of themselves as individuals, in their representative capacities on behalf of the State of California Labor & Workforce Development Agency ("LWDA") under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), California Labor Code ("Labor Code") § 2698 *et seq.*, and as proposed representatives of a putative class, alleges as follows:

## INTRODUCTION

1. This is a PAGA law enforcement action and class action seeking damages, penalties, civil penalties and attorneys' fees and costs, including such reasonable reimbursement of fees and costs as may be authorized by Section 218.5 of the California Labor Code or otherwise. The alleged violations include wage statement violations, and associated penalties.

2. The California Labor Code requires employers to provide to its employees, among other things, itemized wage statements. Defendants Walmart, Inc., formerly known as Wal-Mart Stores, Inc. and Doe One through and including Doe One-Hundred ("Wal-Mart" or "Defendants") failed to comply with the California Labor Code requirements.[1] Accordingly, Plaintiffs seeks civil penalties on behalf of the State of California and the LWDA, to be shared with all impacted employees, all in accord with the extant statutory scheme.

3. Wal-Mart has and continues to employ tens of thousands of non-exempt employees who perform a variety of duties throughout California. Plaintiff Mays is bringing this action against Defendants on behalf of all individuals who received a pay stub from Wal-Mart in the State of California at any time during the period of one year prior to the filing of her December 18, 2017 original Complaint, to January 31, 2018, the date before Wal-Mart Stores, Inc. effectively changed its name to Walmart, Inc. (collectively, these employees are the "Aggrieved Employees"). Plaintiff Roach is

---

[1] The legal name of the company Wal-Mart Stores, Inc. was changed to Walmart, Inc. effective February 1, 2018.

bringing this action against Defendants on behalf of Aggrieved Employees from the period of February 1, 2018, the effective date of Defendant's name change from Wal-Mart Stores, Inc. to Walmart, Inc., to the mailing of the class notice. Plaintiff Roach is also bringing this action under PAGA on behalf of all Aggrieved Employees from the period of one year prior to his giving notice to the LWDA of Defendant's violations, November 28, 2018, to date. The statutes of limitation applicable herein have been tolled by the pendency of Mays v. Wal-Mart Stores, Inc., United States District Court for the Central District of California Case No. Case No. 2:18-cv-02318-AB-KK and/or Roach v. Wal-Mart Stores, Inc., United States District Court for the Central District of California Case No. 5:18-cv-02536-AB-KK. On April 10, 2020, pursuant to a mandate of the Ninth Circuit Court of Appeal, the federal court dismissed Plaintiff Mays' wage statement claim without prejudice following the Ninth Circuit's April 8, 2020 decision reversing the district court's class certification order as to the Wage Statement Class due to lack of Article III standing.

4. Plaintiffs' tolling argument is supported by controlling decisions of the United States Supreme Court. Crown, Cork & Seal v. Parker, 462 U.S. 345, 354 (1983) ("We conclude, as did the Court in American Pipe, that 'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.' Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits . . . .") (quoting Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 554 (1974).

5. The pendency of the federal cases previously filed by Plaintiffs and effectively dismissed by the Ninth Circuit decision that they did not have federal Article III standing to pursue the matters in federal court has tolled all applicable statutes of limitations with respect to the claims articulated herein.

6. The Judicial Council of California (JCC)'s amended Emergency Rule 9 (Effective on May 29, 2020), provides: "Notwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." The Advisory Committee Comment notes that: "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action. The term "civil causes of action" includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ["action," as used in title 2 of the code (Of the Time of Commencing Civil Actions], is construed "as including a special proceeding of a civil nature"). . . . The rule also applies to statutes of limitations on filing of causes of action in court found in codes other than the Code of Civil Procedure."

7. Due to the illegal employment practices as more fully described herein, Plaintiffs, in their representative capacity, seeks civil penalties on behalf of themselves and other Aggrieved Employees pursuant to PAGA, against all Defendants.

8. Defendants have had a consistent policy and/or practice of knowingly and intentionally failing to furnish timely the proper itemized wage statements to Aggrieved Employees.

## JURISDICTION AND VENUE

9. This is a civil class action and representative action brought under the California Labor Code Private Attorneys General Act ("PAGA"), seeking damages, civil penalties, statutory penalties and attorneys' fees and costs. Venue as to Defendants is proper in this judicial district, pursuant to California Code of Civil Procedure sections 395(a) and 395.5. Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The violations of PAGA alleged herein had a direct effect on, and were committed within the State of California, impacting Plaintiffs and the Aggrieved Employees.

10. Venue as to Defendants is proper in this judicial district. Wal-Mart maintains an office, transacts business, has an agent or is otherwise found in the State of California and the District and Division in which this case is filed and is within the jurisdiction of this court for the purpose of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

11. This Court has jurisdiction over Wal-Mart because, upon information and belief, Defendants are either residents of California, have minimum contacts in California, or otherwise intentionally avail themselves of the protections of California so as to render California's exercise of jurisdiction over Defendants consistent with traditional notions of fair play and substantial justice.

## PARTIES

12. Lerna Mays and Larry Roach are individuals who, during the time periods relevant to this Complaint, was employed by Wal-Mart within the State of California.

13. Defendant Walmart, Inc., formerly Wal-Mart Stores, Inc., was and is a Delaware corporation doing business within the State of California and having a principal place of business within the State of California. Wal-Mart's corporate headquarters are located in Bentonville, Arkansas. Wal-Mart Associates, Inc. was and is a Delaware corporation doing business within the State of California and having a principal place of business in Bentonville, Arkansas. Wal-Mart Associates, Inc. is merely engaged in the business of processing payroll for Defendants.

14. Defendants Doe One through and including Doe One-Hundred are sued herein under the provisions of section 474 of the California Code of Civil Procedure. Mays is unaware of the true names, identities, or capacities, whether corporate, individual, or otherwise, of said fictitiously named Defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained. Mays is informed, believes, and thereupon alleges that each of the fictitiously named Defendants is an entity that, during the relevant time period, maintained a principal place of business in the County of Los Angeles, State of California, and that each of the said fictitiously

named Defendants is legally responsible for the damages hereinafter more particularly alleged.

## GENERAL ALLEGATIONS

15. Defendants employed Mays as an hourly employee until her employment was terminated by Defendants. Defendants employed Roach as an hourly employee until his employment was terminated by Defendants.

16. Plaintiff Mays was terminated on or about February 10, 2017 but was not paid her full and final wages until many days later. Similarly, Plaintiff Roach was terminated on or about November 18, 2018, and not paid his full and final wages until a later date.

17. Wal-Mart's policy is to devote minimal resources to the payroll accounting function with the result that in practice its former employees are routinely not paid all final wages owing to them in proper fashion.

18. When Plaintiffs received their final wage statements, Wal-Mart failed to include certain required information, including but not limited to, the inclusive dates of the pay period, all accumulated pay in the employee's final pay statement, which Wal-Mart calls a Final Statement of Wages, or the name and legal address of the employer, Wal-Mart Stores, Inc. for Mays and Walmart, Inc. for Plaintiff Roach. On information and belief, Wal-Mart failed to include required information on the wage statements of other Aggrieved Employees as well, both on the final pay statement and otherwise. Defendant's failure to provide this statutorily required information on wage statements has been deemed to cause injury under section 226(e)(2)(B) of the California Labor Code. Further, Plaintiffs and other Aggrieved Employees were not provided compliant wage statements when other tardy payments were made to them, after their employ with Defendant had terminated. Wal-Mart also failed to provide the amount of net wages earned in connection with post-termination, on-cycle pay stubs issued to Plaintiffs and Aggrieved Employees after the Final Statement of Wages. Defendant's post-termination wage statements were confusing in that it was impossible to determine from the wage

statements alone whether or not Plaintiff Mays was being paid wages or something else, such as a stock purchase refund. The wage statement of February 23, 2017 claims that she is being paid for "REGULAR EARNINGS," "OVERTIME EARN," and a "CA MEAL PREM," along with some accrued, unused vacation and "PERS pay." The deductions portion of the February 23, 2017 wage statement reflects typical Social Security and SDI deductions associated with the payment of wages. The wage statement of March 9, 2017 indicates that Plaintiff Mays was being paid for "OVERTIME/INCT," and her "MYSHARE INCT" bonus. The deductions portion of the March 9, 2017 wage statement reflects typical Social Security and SDI deductions associated with the payment of wages. Defendant's Senior Director of Payroll Services, Diana McChristian has declared that Plaintiff May's wage statement dated February 23, 2017 included an, "additional $100 reflecting a stock purchase withholding that she [Mays] had set up to be regularly deducted from paychecks, including her final pay, but which was turned off before the payroll run that held the February 23, 2017 pay date, resulting in a "reimbursement" of the stock purchase withholding when her final pay was deducted from the "true up" payment." Jul. 30, 2018 McChristian Decl. [ECF Doc. 56-1] ¶ 16.[2] Despite the McChristian testimony, there is nothing on the wage statement that reflects this payment. The statements made it impossible for Plaintiff to determine whether she had being properly compensated for all hours worked. Further, Defendant disputes that the post-termination payments made to Plaintiff are wages even though amounts are listed for "Gross Pay" and "Net Pay" on the February 23, 2017 and March 9, 2017 wage statements provided to Plaintiff Mays. Defendant's failure to provide accurate information regarding gross and net wages earned has harmed Plaintiff Mays in that she has been unable to determine whether or not she has been paid correctly by Defendants. The fact that these errors appear on post-termination wage statements is especially

---

[2] The referenced McChristian Declaration was filed as Docket Entry 56-1 in the U.S. District Court for the Central District of California, in Mays v. Wal-Mart Stores, Inc., C.D. Cal. Case No. 2:18-cv-02318-AB-KK.

egregious because Plaintiff has little recourse regarding obtaining accurate information since she no longer works for the company. Defendants' failure to provide the accurate name of the employer on wage statements has injured Plaintiff Mays by causing confusion as to who was her actual employer while Plaintiff Mays was working for Defendant. Defendant claims that Plaintiff Mays has "admitted" that Wal-Mart Associates, Inc., was her employer. However, this "admission" by Plaintiff Mays only illustrates her confusion from Defendant's deceptive wage statements. During the course of Plaintiff May's employment with Defendant, wage statements provided to Plaintiff Mays previously listed "Wal-Mart Stores, Inc." on the statements. Subsequently, Defendant made the decision to list "Wal-Mart Associates, Inc." on the statements. Obviously, this change caused confusion to Plaintiff Mays and Aggrieved Employees as to which was the entity that actually employed them, especially considering that other documents provided to Plaintiff Mays by Defendant clearly indicated that Plaintiff Mays was in fact employed by Wal-Mart Stores, Inc.

19. When Plaintiff Roach received his final wage statement, which Wal-Mart calls a Statement of Final Pay, Wal-Mart failed to include certain required information, including, but not limited to, the inclusive dates of the pay period, all accumulated pay in the employee's final pay statement, or the name and legal address of the employer, Wal-Mart Stores, Inc. On information and belief, Wal-Mart failed to include required information on the wage statements of other Aggrieved Employees as well, both on the Statement of Final Pay and otherwise. Defendants' failure to provide this statutorily required information on wage statements has been deemed to cause injury under section 226(e)(2)(B) of the California Labor Code. Further, Aggrieved Employees were not provided compliant wage statements when other tardy payments were made to them, after their employ with Defendant had terminated. Wal-Mart also failed to provide the amount of net wages earned in connection with post-termination, on-cycle pay stubs issued after the Statement of Final Pay. Defendants' post-termination wage statements were confusing in that it was impossible to determine from the wage statements alone whether

or not Aggrieved Employees were being paid wages or something else, such as a stock purchase refund. The statements made it impossible for Aggrieved Employees to determine whether they had being properly compensated for all hours worked. Defendants' failure to provide accurate information regarding gross and net wages earned has harmed Aggrieved Employees in that they have been unable to determine whether or not they have been paid correctly by Defendants. The fact that these errors appear on post-termination wage statements is especially egregious because Aggrieved Employees have little recourse regarding obtaining accurate information after they no longer work for the company, many of the low-wage workers not having ready access to a computer, printer, and the internet. Defendants' failure to provide the accurate name of the employer on wage statements has injured Plaintiff Roach and Aggrieved Employees by causing confusion as to who was his actual employer while Plaintiff was working for Defendants and after termination. Plaintiff Roach suffered confusion as to which was the entity that actually employed him, especially considering that other documents provided to Plaintiff Roach by Defendants clearly indicated that Plaintiff was, in fact, employed by Wal-Mart Stores, Inc.

20. Wal-Mart failed to provide Plaintiffs and the Aggrieved Employees pay stubs that contain all of the information required by section 226 of the Labor Code. Section 226 states:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the

  employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Cal. Lab. Code § 226(a). Plaintiffs' pay stubs demonstrate that Wal-Mart fails to include the data required by section 226(a), including but not limited to the "inclusive dates of the period for which the employee is paid," all accumulated vacation pay earned in the employee's final pay statement, and the name and address of the entity that is the employer.

21. Mays's employer was Wal-Mart Stores, Inc. Nevertheless, her final wage statement and others issued to her incorrectly show Wal-Mart Associates, Inc. as the employer.

22. Similarly, Plaintiff Roach's employer was Walmart, Inc., formerly named Wal-Mart Stores, Inc. Nevertheless, his final wage statement, for example, and others issued to him incorrectly show Wal-Mart Associates, Inc. as the employer.

23. At all times relevant herein, sections 226 (b), (c), and (f) of the California Labor Code further provided in part:

  (b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.

  . . .

(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

. . .

(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer.

## PLAINTIFF'S CLASS-ACTION ALLEGATIONS

24. The Class represented by Mays consists of all individuals who received a pay stub from Wal-Mart in the State of California at any time during the one year prior to the filing of her December 18, 2017 original Complaint, to January 31, 2018, the date before Defendant Wal-Mart Stores, Inc. effectively changed its name to Walmart, Inc. and the members are "Mays Class Members").

25. The Class represented by Roach consists of all individuals who received a pay stub from Wal-Mart in the State of California from the period of February 1, 2018, the effective date of Defendant's name change from Wal-Mart Stores, Inc. to Walmart, Inc. to the mailing of the class notice (the "Roach Class" and the members are the "Roach Class Members").

26. The number of persons within the Classes is great, believed to be in excess of ten thousand. It is therefore impractical to join each Class Member as a named plaintiff. Accordingly, the utilization of a class action is the most economically feasible means of determining the merits of this litigation.

27. Despite the numerosity of the Members of the Classes, membership within them is readily ascertainable through an examination of the records that Wal-Mart is required by law to keep and that it has kept. Likewise, the dollar amounts owed to Plaintiffs and Class Members are readily ascertainable by an examination of the same

records. For example, with respect to Defendant's violations of section 226(a)(8) of the California Labor Code, the damages owing to each Class Member equals the sum of $50 (for the initial wage statement issued to the employee during the period commencing one year prior to the filing of the Complaint) and the product of the number of further wage statements issued to the employee and $100, with a per employee cap of $4,000.

28. The Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each Class Member.

29. There is a well-defined community of interest in the questions of law and fact common to the Class. The key questions are the same for each Class Member, namely, (a) Whether each Class Member received proper wage statements; and (e) Whether Wal-Mart's failure to show all accumulated vacation pay earned in the employee's final pay statement, failure to show the "inclusive dates of the of the period for which the employee is paid," or failure to list the legal name and address of the employer constitutes a violation of section 226.

30. Plaintiffs' claims are typical of the claims of Class Members, which all arise out of the same general operative facts, namely, that Wal-Mart's pay stubs fail to include all of the information required by the Labor Code. Plaintiffs have no conflict of interest with Class Members, and they are able to represent the interests of the Mays Class Members and Roach Class Members fairly and adequately.

31. A class action is a far-superior method for the fair and efficient adjudication of this controversy for a number of reasons. First, the persons within the Class are numerous, and joinder of all of them is impractical. Second, the disposition of all Class Members' claims in a single class action rather than in individual actions will benefit both the parties and the Court. In that regard, the claims of each individual Class Member are too small to litigate individually, and the commencement of thousands pf separate actions would lead to an undue burden on scarce judicial and administrative resources. The alternative of individual proceedings before California's Labor Commissioner is impractical inasmuch as that agency has insufficient resources to

process such claims promptly, and, under the provisions of California Labor Code section 98.2, if the individual Class Members were to succeed in obtaining awards in their favor, such awards would be appealable as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court. In addition, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims, and individual Class Members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery. As a practical matter, denial of class treatment will lead to denial of recovery to the individual Class Members.

32. The interest of each Class Member in controlling the prosecution of his or her individual claim against Wal-Mart is small when compared with the efficiency of a class action.

## PAGA REPRESENTATIVE ACTION ALLEGATIONS

33. On or about June 14, 2017, Plaintiff Mays gave written notice by certified mail and online filing of Defendant's violations of various provisions of the California Labor Code as alleged in this Complaint to the Labor and Workforce Development Agency ("LWDA") and Defendant. On or about November 28, 2018, Plaintiff Roach gave written notice by certified mail and online filing of Defendants' violations of various provisions of the California Labor Code as alleged in this Complaint to the LWDA and Defendant.

34. More than sixty-five days have passed from the date of Plaintiffs' notices to the LWDA and Plaintiffs have not been notified by the LWDA that it intends to investigate Plaintiffs' allegations. Therefore, pursuant to section 2699.3(a)(2)(A), Plaintiffs "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

35. Plaintiffs are informed and believe and thereon alleges that Defendants have routinely failed to provide Plaintiffs and other Aggrieved Employees with proper itemized wage statements.

36. Plaintiffs allege that Defendant violated PAGA by willfully failing to provide Aggrieved Employees with proper itemized wage statements in violation of Labor Code § 226(a). "PAGA actions can serve to *indirectly* enforce certain wage order provisions by enforcing *statutes* that require compliance with wage orders (e.g., § 1198, which prohibits longer work hours than those fixed by wage order or employment under conditions prohibited by a wage order)." Thurman v. Bayshore Transit Mgmt., Inc., 203 Cal. App. 4th 1112, 1132 (2012).

## FIRST CAUSE OF ACTION

Failure to Provide Adequate Pay Stubs, Cal. Lab. Code § 226(a)

(On Behalf of Plaintiffs Individually, the Mays Class and the Roach Class Against All Defendants)

37. Plaintiffs re-plead, re-allege, and incorporate by reference each and every paragraph set forth in this Complaint.

38. Section 226 of the Labor Code states:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Id. § 226(e).

39. Wal-Mart failed to provide Mays, Roach and Class Members with pay stubs conforming to the requirements of section 226(a) of the Labor Code by failing to always designate "inclusive dates of the period for which the employee is paid," failure to show all accumulated vacation pay earned in the employee's final pay statement, failure to accurately list the gross and net wages paid, or the name and address of the legal entity that is the employer. As described in this Complaint, Defendants' defective wage

statements injured Plaintiffs and Aggrieved Employees.

40. According to Mays's employment records, the employer is Wal-Mart Stores, Inc. but her wage statements, and those issued to other Aggrieved Employees, incorrectly lists Wal-Mart Associates, Inc. as the employer. For example, see the document showing Wal-Mart Stores, Inc. as the employer in Mays's application in 2007; the document showing Wal-Mart Stores, Inc. as the employer in 2016 in her promotion papers; and the document showing Wal-Mart Stores, Inc. as the employer at the time she was terminated in February 2017. Accordingly, Mays and the Mays Class Members are entitled to damages, to costs, and to reasonable attorney's fees in accordance with the provisions of Labor Code section 226(e). Plaintiff Mays was not employed by Wal-Mart Associates, Inc., an entity which merely was engaged in the business of "Payroll Processing," as detailed by it on the Statement of Information filed by it with the Secretary of State of the State of California on September 8, 2017 and on August 30, 2016.

41. According to Plaintiff Roach's employment records, his employer is Wal-Mart Stores, Inc. and/or Walmart, Inc. but his wage statements, and those issued to other Aggrieved Employees, incorrectly lists Wal-Mart Associates, Inc. as the employer. Accordingly, Plaintiff Roach and the Roach Class Members are entitled to damages, costs, and reasonable attorney's fees in accordance with the provisions of Labor Code section 226(e). Plaintiff Roach was not employed by Wal-Mart Associates, Inc.—an entity which merely was engaged in the business of "Payroll Processing," as detailed by it on the Statement of Information filed by it with the Secretary of State of the State of California on September 6, 2018.

## SECOND CAUSE OF ACTION

Civil Penalties, Cal. Lab. Code §§ 2698 *et seq.*

(On behalf of Plaintiffs, the State of California and on behalf of the Aggrieved Employees Against Defendants)

42. Plaintiffs replead, reallege, and incorporate by reference each and every allegation set forth in the Complaint.

43. Plaintiffs are "aggrieved employees" under PAGA, as they were employed by Defendant during the applicable statutory period and suffered one or more of the Labor Code Violations set forth herein. Accordingly, they seek to recover on behalf of themselves and all other current and former Aggrieved Employees of Defendant, the civil penalties for which provision is made by PAGA, as well as reasonable attorney's fees and costs.

44. Pursuant to section 2699.3(a)(1) of the Labor Code, on June 14, 2017, Plaintiff Mays gave written notice to the California Labor and Workforce Development Agency ("LWDA") of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the theories set forth in this Complaint. Also on that day, Plaintiff gave written notice by certified mail to Defendant Wal-Mart Stores, Inc. of the specific provisions of the Labor Code alleged to have been violated by Defendant Wal-Mart Stores, Inc. On or about November 28, 2018, Plaintiff Roach gave written notice by certified mail and online filing of Defendants' violations of various provisions of the California Labor Code as alleged in this Complaint to the LWDA and Defendants.

45. More than sixty-five days have passed from the date of Plaintiffs' notice to the LWDA and Plaintiffs have not been notified by the LWDA that it intends to investigate Plaintiffs' allegations. Therefore, Plaintiffs, pursuant to section 2699.3(a)(2)(A), "may commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).

46. Plaintiffs seek to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>, 46 Cal. 4th 969 (2009). Therefore, class certification of the PAGA claims is not required.

47. Plaintiffs seeks civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

    Failure to provide itemized wage statements to Aggrieved Employees in violation of Labor Code § 226(a), not even identifying the legal name and address of the employer;

48. Labor Code §§ 2699 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided, including the applicable Wage Order.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That the Court certify the proposed Classes.

2. With respect to the First Cause of Action, that it be adjudged that the Court enter judgment in favor of Plaintiffs and Class Members in an amount to be established by proof, in at least the amount of $250,000, as well as costs and attorney's fees, in accordance with section 226(e) of the Labor Code.

3. With respect to the Second Cause of Action, that this Court award Plaintiffs and other Aggrieved Employees their civil penalties, attorneys' fees, and costs of suit, all according to proof, in at least the amount of $250,000, pursuant to Labor Code Section 2698, *et seq.*

4. For such other and further relief as this Court may deem fit and proper.

DATED: September 30, 2020                HARRIS & RUBLE

*Alan Harris*
_____
Alan Harris
*Attorney for Plaintiffs*